**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 03 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JEROME NORMAN SCOTT, Sr., | No. 10-55423 |
| Petitioner - Appellant, | D.C. No. 5:09-cv-01554-GAF-CT |
| v. | |
| SYLVIA H. GARCIA, Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted August 5, 2014
Pasadena, California

Before: REINHARDT, WARDLAW, and CALLAHAN, Circuit Judges.

Jerome Norman Scott, Sr., appeals the district court's decision denying his

petition seeking a writ of habeas corpus. Scott contends that the evidence was

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

insufficient to support his conviction for first degree murder.  We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.[1]

"[E]vidence is sufficient to support a conviction so long as 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Cavazos v. Smith*, 132 S. Ct. 2, 6 (2011) (per curiam) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  Moreover, on habeas review, we may only overturn a state court decision rejecting a sufficiency of the evidence challenge "if the state court decision was 'objectively unreasonable.'"  *Id*. at 4 (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010)).

Under California law, first degree murder includes murder perpetrated by any "kind of willful, deliberate, and premeditated killing."  Cal. Penal Code § 189.  The California courts have found that a wide variety of conduct may constitute evidence of planning, motive, and manner of killing indicative of premeditation and deliberation.  *See, e.g.*, *People v. Koontz*, 46 P.3d 335, 362 (Cal. 2002) (concluding that a "defendant's arming himself and following the victim" constituted evidence of planning and that the defendant's "firing a shot at a vital

_____

[1] Because the parties are aware of the facts, procedural events and applicable law underlying the dispute, we recite only such information as is necessary to explain our decision.

2

area of the body at close range, then preventing the witness from calling an ambulance" constituted manner of killing evidence); *People v. Cruz*, 605 P.2d 830, 833, 836 (Cal. 1980) (concluding that a defendant's motive to kill could be inferred based on evidence of a family relationship and "pent-up resentment toward" the victims). Additionally, the defendant's conduct here after the killing may be considered. *See People v. Perez*, 831 P.2d 1159, 1165 (Cal. 1992) (indicating that the defendant's conduct after the killing constituted facts that a jury could reasonably consider in relation to the manner of killing).

Here, the evidence indicated that Scott was knowledgeable about firearms, had been involved in one or more transactions with the victim, had brought a loaded (though possibly defective) revolver to a confrontation with the victim, removed the gun from a pouch, aimed it at the victim's face, and pulled the trigger until it fired. After shooting the victim, Scott did not express any surprise, regret, or concern for the victim. Instead, he aimed the gun at the witness and eventually fired an additional shot. These facts constitute evidence of planning, motive, and manner of killing that a rational trier of fact could find are sufficient to support a first degree murder conviction under California law. Consequently, the state court did not make an "objectively unreasonable" decision in rejecting Scott's

sufficiency of the evidence challenge.[2] *See Cavazos*, 132 S. Ct. at 4 (internal quotation marks omitted).

**AFFIRMED.**

---

[2] Scott's request to expand the certificate of appealability is denied.